CHARLES S. BARDWELL and others *vs.* AMERICAN EXPRESS COMPANY.

### July 1, 1886.

**Evidence—Collection of Draft by Express Company.**—A draft by the plaintiffs upon a debtor of theirs in Nebraska was delivered to the defendant, for transmission and collection. Evidence considered sufficient to justify a finding by the jury that the defendant collected the amount of the draft.

**Express Company Receipt—Liability for "Loss or Damage."**—A condition, annexed to a receipt given by the defendant upon receiving the draft, that it should not be liable for any loss or damage unless a claim should be asserted within 90 days, *held* inapplicable to limit defendant's liability for neglect or refusal to pay to the plaintiffs the money received for them.

Appeal by defendant from an order of the district court for Hennepin county, *Koon,* J., presiding, refusing a new trial.

*Babcock & Davis,* for appellant.

*Ueland, Shores & Holt,* for respondents.

DICKINSON, J. In February, 1884, the defendant, at Minneapolis, received, to be forwarded and collected by it, a draft of the plaintiffs upon one Craig, a resident of Nebraska. The draft was made for the amount of a debt due from Craig to the plaintiffs. This action is for the recovery of the amount of the draft; it being claimed that the same was paid by Craig to the agent of the defendant in Nebraska, to whom the defendant sent the draft for collection.

It is first claimed by the defendant that the evidence did not justify the jury in finding that Craig had paid the defendant's agent. The agent absconded, and the only evidence concerning the alleged payment, aside from the fact that the draft was returned by the defendant as uncollected, consisted of the deposition of Craig. He testified distinctly to the fact of such payment; and there is no reason for doubting, what his testimony shows, that he did pay to the agent, on the 25th of February, by a check which was collected, a sum larger than the amount of this draft. It is, however, insisted that this sum, or a large part of it, must be deemed to have been applied upon other

demands against Craig which had come into the hands of the agent for collection prior to the receipt of this draft. But, while the evidence is far from satisfactory, we think it sufficient to justify the conclusion that the payment above referred to, with prior payments which had been made, extinguished all of the claims in the hands of the agent (including that of the plaintiffs) which had then been presented, excepting $15.40 of a debt owing to a Wisconsin firm, which was afterwards paid. The evidence also discloses a reason why the draft in question was not taken up at the time of this payment. The verdict must stand.

Upon receiving the draft for collection the defendant gave a receipt for it, signed by it, and which contained also numerous conditions respecting the liability of the defendant, among which was the following: "In no event shall this company be liable for any loss or damage unless the claim therefor shall be presented to them, in writing, at this office, within ninety days after this date, in a statement to which this receipt shall be annexed." This condition has no application to such a case as this. The mere neglect or refusal of the express company, after receiving the money, to pay it over to the plaintiffs, cannot be deemed a "loss or damage" such as the instrument contemplates.

Order affirmed.