## M. W. SAVAGE FACTORIES, INC. v. CANADIAN NORTHERN RAILWAY COMPANY.[1]

September 23, 1921.

No. 22,326.

**Carrier — bill of lading — embezzlement by station agent.**

> Defendant was the last carrier of an intrastate shipment, shipped under an order bill of lading by plaintiff to its order "notify R. L. Brown." Defendant's station agent delivered the shipment to Brown, the purchaser, without the bill of lading being presented, but received full payment for the goods. The agent absconded without turning over the money to either plaintiff or defendant. In this action for conversion it is *held*: That provisions in the bill of lading that suits for loss or damage to the shipment must be brought within a specified time, and that notice of loss or damage must be filed in writing within a certain time, do not cover a loss resulting from the facts herein found, following Bardwell v. American Express Co. 35 Minn. 344.

Action in conversion in the municipal court of Minneapolis to recover $56.47 for delivery of merchandise without presentation of the order bill of lading. The case was tried before Baldwin, J., who made findings as set out in the first paragraph of the opinion and ordered judgment in favor of plaintiff for $50.05. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Hector Baxter* and *William T. Kelsh*, for appellant.

*C. E. Warner*, for respondent.

HOLT, J.

The findings of fact are not challenged by any assignment of error, and are to the effect that plaintiff, engaged in business at Minneapolis, Minnesota, on December 6, 1916, shipped goods to R. L. Brown at Roosevelt, Minnesota, of the value of $50.05, the goods to be delivered on payment of that sum; that the goods arrived at defendant's station

[1]Reported in 184 N. W. 367.

at Roosevelt, and were by its station agent delivered to Brown, without the presentation of the order bill of lading, upon payment to the agent of the amount due plaintiff, and more; that defendant's agent absconded and failed to turn over the money to plaintiff or to defendant; and "that plaintiff's claim on account of the failure to remit the amount due on said C. O. D. shipment was filed with defendant company on the 11th day of February, 1919." Judgment was ordered for plaintiff for $50.05 and interest. The appeal is from the order denying a new trial.

The order bill of lading, under which the shipment was made, directed the delivery to be made to the order of plaintiff, "notify R. L. Brown," and contained this provision: "Suits for recovery of claims for loss, damage or delay shall be instituted only within two years after delivery of the property, or, in case of failure to make delivery, then within two years after a reasonable time for delivery has elapsed." There was also a provision that notice of claim of loss or damage must be filed in writing within four months after delivery. The assignments of error raise only the proposition whether the court erred in refusing to order judgment for defendant because the suit was brought more than three years after delivery of the shipment, and because the notice of claim was not filed within the time limited.

The points of shipment and destination were in this state, defendant being the last carrier. The answer averred that if the shipment was made it was interstate. This was denied in the reply. There was no finding or requested finding on that issue, nor do the stipulated facts tend to prove that it was interstate. We must therefore treat it as intrastate. Under the facts found the goods were delivered by the defendant's agent to the party who was to have them, and he in turn paid the agent the full purchase price or value that plaintiff was to receive. The agent was in charge of defendant's business at Roosevelt, and what he did or failed to do in the premises must be held to be the act or omission of defendant. The legal effect would then be that defendant received money to the use of plaintiff, and by failing to turn it over converted it. The loss sustained by plaintiff from the failure to turn over the money so obtained, has by this court been held not to be a loss

or damage covered by the provisions in the shipping contract referred to. Bardwell v. American Express Co. 35 Minn. 344, 28 N. W. 925. Therefore the defense sought to be made is not available under the facts found.

Order affirmed.